IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TERRY RAY EARLS,                )
                                )
            Plaintiff,           )
                                )
v.                              )    Case No. CIV-10-006-FHS
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.           )

**REPORT AND RECOMMENDATION**

Plaintiff Terry Ray Earls (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 3, 1961 and was 48 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant worked in the past as a bulldozer operator, truck driver, and welder/assembler. Claimant alleges an inability

3

to work beginning May 11, 2007, due to complications and limitations caused by narcolepsy, hypertension, surgeries to the right arm and wrist, lumbosacral spine disorder, knee disorder, shoulder disorder, and anxiety.

## Procedural History

On June 28, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 12, 2009, an administrative hearing was held by video before ALJ Lantz McClain in Tulsa, Oklahoma with Claimant attending in McAlester, Oklahoma. On November 19, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On December 17, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual

functional capacity ("RFC") to perform a full range of sedentary work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to give the opinions of Claimant's treating physician controlling weight; (2) engaging in a faulty credibility analysis; and (3) reaching an RFC which did not include all of Claimant's limitations.

## Treating Physician's Opinion

Claimant suffered from problems associated with low back pain, narcolepsy, frequent nighttime urination, heart conditions, arthritis, and knee and shoulder pain for several years prior to applying for disability benefits. On March 4, 2009, Claimant began seeing Dr. Danny Silver, a pain management specialist. (Tr. 780). Dr. Silver diagnosed Claimant with a possible rotator cuff tear, left shoulder strain, back strain, and knee problems. Id. Claimant also claimed constant irritating pain and sleep problems. (Tr. 778-79).

On April 8, 2009, Dr. Silver again attended Claimant and ordered an MRI of his left shoulder. (Tr. 765). The MRI confirmed a rotator cuff tear and Dr. Silver referred Claimant to an orthopedic surgeon for evaluation. (Tr. 762). Dr. Silver treated

5

Claimant on June 27, 2009 for pain. (Tr. 755).

On September 8, 2009, Dr. Silver completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) form on Claimant. He identified Claimant's conditions as a left supraspinatus tear (shoulder), low back pain with degenerative disk disease, L4-5 disk bulge, and osteoarthritis. He determined Claimant could continuously sit for no more than 30 minutes at a time before alternating positions, cumulatively sit for no more than 3 hours in an 8 hour day, continuously stand for no more than 15 minutes at a time before alternating positions, cumulatively stand for no more than 4 hours in an 8 hour day, continuously walk before alternating positions for no more than 15 minutes at a time, cumulatively walk for no more than 4 hours in an 8 hour work day. (Tr. 916).

Dr. Silver further estimated Claimant could only occasionally lift and carry 11-20 pounds and never over that amount. He also found Claimant could not push and pull with his left hand or engage in fine manipulation with his left hand. Claimant could not perform repetitive motions with his feet. Dr. Silver determined Claimant could only occasionally bend, climb, reach above his head (never with the left arm), and stoop and could never squat, crawl, crouch, or kneel. Dr. Silver found Claimant could never be exposed

to unprotected heights and occasionally be exposed to marked changes in temperature and dust, fumes, and gases. (Tr. 917). Claimant's pain was considered moderate most of the time and severe frequently. Dr. Silver found Claimant would need to take unscheduled breaks during an 8 hour workday, have bad days, and have to be absent from work more than 4 days per month. (Tr. 918).

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disk disease of the lumbar spine, coronary artery disease, status post angioplasty, degenerative joint disease of the knees bilaterally, hypertension, status post surgeries to the right wrist and hand, left shoulder injury, and history of narcolepsy. (Tr. 11-12). With regard to Dr. Silver's opinion, the ALJ related Dr. Silver's opinion from the Medical Source Statement but concluded "[t]he undersigned does not give controlling weight to Dr. Silver. The undersigned has determined that none of the conditions cites (sic) even in combination should prevent all work." (Tr. 18).

The ALJ is required to give it controlling weight, unless circumstances justify giving it a lesser weight. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to

"controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted).

8

After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Essentially, the ALJ determined the medical opinion of Dr. Silver was entitled to no weight since the ALJ believed Claimant's medical conditions would not preclude Claimant from working. This latter conclusory justification does not stand as a sufficient basis to deny Dr. Silver's opinion any weight. Indeed, the vocational expert testified in this case that some of the physical limitations upon his ability to perform certain employment functions found by Dr. Silver would preclude employment. (Tr. 51). On remand, the ALJ shall re-examine Dr. Silver's opinion in light of the evidentiary record and discuss the appropriate weight it should be afforded under the prevailing standards.

9

## Credibility Determination

Other than the boilerplate language observed in many ALJ opinions that the ALJ "does not discount all of the claimant's complaints," the ALJ failed to discuss the factual findings in the record which contradict Claimant's stated limitations. (Tr. 18-19)

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or

sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). In this case, the ALJ failed to engage in any analysis on credibility other than as referenced.

### RFC Assessment

Claimant also contends the ALJ's RFC assessment did not include all of Claimant's limitations. Namely, Claimant asserts the limitations found by Dr. Silver in his Medical Source Statement should have been included in his RFC. Since this Court has determined the ALJ erroneously rejected Dr. Silver's opinions without sufficient justification, he shall also reconsider his RFC evaluation which omitted many of the limitations set out by Dr. Silver.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 4th day of January, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE